COLUMBINA M. CASTELLINI, RELATOR, v. THE NEW JERSEY STATE BOARD OF EXAMINERS OF NURSES, RESPONDENT.

Submitted November 7, 1924—Decided April 11, 1925.

Section 6 of "An act to regulate the practice of nursing in the State of New Jersey," &c., as amended by *Pamph. L.* 1923, *p.* 261, deals with an entirely different class of applicants from those dealt with by section 5 of the amendatory act, and a person who possesses the qualifications required by the former section is entitled to registration as a nurse, irrespective of the provisions of section 5.

On *mandamus*. On demurrer to alternative writ.

Before GUMMERE, CHIEF JUSTICE, and Justices PARKER and KATZENBACH.

For the relator, *Louis H. Miller.*

For the respondent, *Edward L. Katzenbach,* attorney-general, and *Grover C. Richman,* assistant attorney-general.

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE. The relator, Columbina M. Castellini, seeks a peremptory writ of *mandamus* commanding the New Jersey state board of examiners of nurses to register her as a graduate nurse without examination, pursuant to the provisions of section 6 of an act entitled "An act to regulate the practice of nursing in the State of New Jersey, to register nurses," &c., as amended in 1923. *Pamph. L., p.* 261.

Section 6, as amended, provides that "any person who is at least twenty-one years of age, of good moral character, and a resident of the state, applying for registration within two years of the passage of this act, and who shall, by affidavit or otherwise, show to the satisfaction of the board that

he or she is a graduate of a school of nursing which gives a course of not less than two years in a public or private general hospital where medical, surgical and obstetrical cases and children's diseases are treated, &c., shall be eligible for registration without examination, upon the payment of a fee of $10, the application to be accompanied by references and photograph of applicant."

The relator complied with all the requirements contained in this section, as it reads, but the board of examiners refused her application for registration upon the ground that the school of nursing from which an applicant for registration without examination must be a graduate is required by the statute to be conducted in a hospital having a daily average of fifty patients, and that the hospital in which the relator served her two years as nurse did not have the indicated capacity.

The only question presented for determination by the pleadings is whether the refusal of the board was justified for the reason stated.

The action of the board was based upon the fact that the legislature, in section 5 of the amendatory act, in dealing with the subject of the examination of nurses as a prerequisite to their registration, enacted that all persons who should desire to be registered as graduate nurses should submit themselves to an examination by the board, and that in order to be eligible for such examination they must show to the satisfaction of the board (among other things) that he or she is a graduate in good standing of a school of nursing which gives a course of not less than two years in a public or private general hospital having a daily average of fifty patients, where medical, surgical and obstetrical cases and children are treated, or its equivalent, as determined by the board of examiners; and the argument in its support is that the legislature must be presumed to have intended that persons applying for registration without examination should possess and disclose the same qualifications as are required of persons applying for an examination by the board as a preliminary to their registration.

The answer to this argument, as it seems to us, is that no such presumption can be indulged in by the court, in the face of the fact that the legislature, in its wisdom, has seen fit to take out of the class of applicants dealt with in section 5 of the amended act those persons who are made subject to the provisions of section 6, and to deal with them as a separate class and on an entirely different basis. Where the legislature has expressed its purpose in clear and unmistakable language, as it has done in the two sections of the statute referred to, the function of the courts is to give effect to that purpose as expressed, and not to attempt to change it by injecting into one provision of the statute words taken from another portion thereof, but which the legislature has not inserted in the provision as a part thereof. To give to section 6 the construction put upon it by the respondents would be an act of legislation and not of judicial exposition.

The relator is entitled to a peremptory *mandamus* compelling the state board of examiners to register her as a graduate nurse.